849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randolph Michael BURLEY, Plaintiff-Appellant,
v.
Cheryl HODGESON, et al. Defendants, Appellees.
 No. 87-3531.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff Burley was arrested for traffic violations and also for resisting arrest. While being booked Burley engaged in an altercation with defendant Hodgeson, a police employee, while Ms. Hodgeson was attempting to fingerprint Burley. Following the altercation Hodgeson filled out an arrest warrant for assault. The assault charge was tried before a jury and Burley was found not guilty. He pled either guilty or no contest to the traffic charges and the charge of resisting arrest was dismissed. Subsequently Burley filed this action in federal district court pursuant to 42 U.S.C. Sec. 1983 and 42 U.S.C. cents 1985(3) in which he charged various city and county officials and the arresting officer, Ms. Hodgeson, Franklin County, Ohio and the City of Columbus with having deprived him of various rights under the United States Constitution. A jury trial was held after a number of the defendants had been dismissed either by way of summary judgment or a directed verdict. The jury returned a verdict in favor of Burley against the defendants Hodgeson, Acree, Holzbacher, Berkemer and Franklin County, Ohio, and the district court entered judgment on that verdict.
 
 
 2
 The plaintiff Burley now appeals various orders of the district court dismissing all of the defendants except those against whom the verdict was rendered. The plaintiff is proceeding pro se on appeal and the appeal was submitted to this panel of the court on briefs. While the court attempts to accommodate pro se litigants it cannot countenance the filing of briefs that ignore completely the requirements of the Federal Rules of Appellate Procedure. Burley has filed a reply brief which is 40 pages in excess of the length permitted by the rules. Accordingly, the reply brief is stricken, and the case is submitted on the basis of Burley's initial brief and the briefs of the defendants-appellees.
 
 
 3
 Upon consideration of the briefs and the joint appendix, this court concludes that the district court did not err in entering summary judgment and directed verdicts which had the effect of eliminating defendants other than those finally found to be liable by the jury. The City of Columbus and officers and employees of the City of Columbus were entitled to be dismissed for failure of Burley to make the showing required by the Supreme Court's decisions in Monell v. Department of Social Services, 436 U.S. 658 (1978), and City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985), to hold a municipality or its officers liable under 42 U.S.C. Sec. 1983. Those county defendants who were dismissed were not shown to have any direct responsibility for the acts for which Burley sought recovery, and we conclude that the district court properly applied Rizzo v. Goode, 423 U.S. 362 (1976), and Hays v. Jefferson County, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982), in ordering dismissal of these defendants.
 
 
 4
 We have considered the remaining arguments in Burley's brief and find them to have no merit.
 
 
 5
 The judgment of the district court is affirmed.